UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ALDAIR S. E., | No. 1:26-cv-03941-RLP |
| Petitioner, | ORDER DENYING HABEAS PETITION |
| v. | |
| WARDEN OF THE GODEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Before the Court is Petitioner Marvin Aldair S.E.'s [1] ("Petitioner") petition for writ of habeas corpus and motion for temporary restraining order. ECF Nos. 1, 3. Petitioner challenges the lawfulness of his civil detention and seeks immediate

---

[1] The Court omits Petitioner's full name to protect sensitive personal information.

ORDER DENYING HABEAS PETITION ~ 1

release or, alternatively, a bond hearing. In opposition, Respondents contend Petitioner is subject to a mandatory detention under a final order of removal pursuant to 8 U.S.C. § 1231 and requests the Court dissolve or lift the no transfer order contained in ECF No. 7. ECF No. 10. The Court agrees with Respondents. As discussed below, Petitioner's petition for habeas corpus is denied and the order prohibiting transfer is revoked.

## BACKGROUND

Petitioner is a citizen of Honduras who reportedly entered the United States approximately two years ago near Tuscon, Arizona. ECF No. 10 at 11. He was not admitted, inspected, or paroled by U.S. Immigration. *Id.* His parents are also citizens of Honduras who now live in Guatemala. *Id.* On May 4, 2026, Petitioner entered a guilty plea and judgment was entered against him for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). *Id.* at 12, 28-52. He was sentenced to time served plus one day in jail. *Id.* at 12.

On May 5, 2026, Petitioner was transferred to ICE custody and has been detained since that date. On the same date, a Final Administrative Removal Orders was issued and served on petitioner. ECF No. 12 at 4. Petitioner asserts violation of his right to due process and seeks release or in the alternative, a bond hearing. ECF No. 1.

ORDER DENYING HABEAS PETITION ~ 2

## ANALYSIS

Petitioner argues he is entitled to relief because his detention without access to a bond hearing violates due process under the Fifth Amendment. ECF No. 1. He requests a determination that his detention is not justified because he has not been shown to present a risk of flight or danger and contends that he should be released if he is not provided a bond hearing within 30 days. *Id.* Respondents request dismissal of the habeas petition because Petitioner is subject to a final removal order and mandatory detention under 8 U.S.C. § 1231(a). ECF No. 10.

Section 1228(b) of the INS authorizes DHS to order a limited class of non-citizens removed from the country without affording them a hearing before an immigration judge. *Gomez-Velazco v. Sessions*, 879 F.3d 989, 991–92 (9th Cir. 2018). A nonresident alien who is convicted of an aggravated felony within the meaning of the INA may be removed via expedited proceedings – i.e., without a hearing before an immigration judge. *United States v. Gonzalez-Reyes*, 172 F.4th 1088, 1091 (9th Cir. 2026) (citing 8 U.S.C. § 1228(b)(1), (2)). The Ninth Circuit has recognized that expedited removal proceedings result in final orders of removal. *See Lopez v. Garland*, 40 F.4th 996, 1001 (9th Cir. 2022). "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)).

ORDER DENYING HABEAS PETITION ~ 3

To invoke § 1228(b), DHS must establish that the individual to be removed: (1) is not a citizen of the United States; (2) has not been lawfully admitted for permanent residence; and (3) has been convicted of an aggravated felony. 8 U.S.C. § 1228(b)(1), (2); 8 C.F.R. § 238.1(b)(1). If DHS establishes those three predicates, the individual is conclusively presumed removable and categorically ineligible for most forms of discretionary relief from removal. *Gomez-Velasco* at *id.*; 8 U.S.C. § 1228(b)(5), (c); *see United States v. Arrieta*, 224 F.3d 1076, 1080–81 (9th Cir. 2000). The Notice of Intent to Issue Final Removal Order establishes these three factors regarding Petitioner. ECF No. 10 at 16-17.

Accordingly, a Final Administrative Removal Orders was issued and served on Petitioner on May 5, 2026. ECF No. 12 at 4.  He is therefore subject to mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory." (citing § 1231(a)(2)). A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004). Because Petitioner has not been detained for 90 days since his removal order became final, he has no colorable claim for release under

ORDER DENYING HABEAS PETITION ~ 4

the Due Process Clause.

Accordingly, **IT IS ORDERED:**

1. Respondent's Motion to Dismiss, **ECF No. 10**, is **GRANTED**, and the Petition for Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice**.**

2. The Motion to Appoint Counsel, **ECF No. 2**, and the Motion for Temporary Restraining Order, **ECF No. 3**, are denied as moot.

3. The order directing that Petitioner not be transferred, **ECF No. 7**, is **REVOKED**.

Judgment shall be entered for the Respondent and the file is CLOSED.  A copy of this Order shall be transmitted to Petitioner by mail.

DATED May 11, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING HABEAS PETITION ~ 5